ERI HANSFORD AND CELESTIA A. HANSFORD V. DAVID N. BURDGE, *as Sheriff of Shawnee County, Kansas.*

### No. 407.*

EXECUTIONS— *Shawnee Circuit Court.* The clerk of the district court of Shawnee county has lawful authority to issue executions on a judgment rendered by the circuit court of that county, transcribed and certified to the district court prior to the 12th day of April, 1895; and the judgment creditor possesses a right accrued for the enforcement of his judgment by execution from the district court.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed December 15, 1898. Affirmed.

*David Overmyer*, for plaintiffs in error.

*A. Bergen*, for defendant in error.

The opinion of the court was delivered by

McELROY, J.: This action was brought in the district court of Shawnee county by the Hansfords against David N. Burdge, as sheriff, to enjoin the defendant from levying an execution in his hands on the property of the plaintiffs. The plaintiffs in their petition alleged that Burdge, as sheriff, was about to sell the property described, on a pretended execution issued by the clerk of the district court on the 10th day of

* Petition for order to certify denied by supreme court February 11, 1899.—REP.

September, 1895, on a judgment of record in that court, rendered by the circuit court of Shawnee county on the 19th day of February, 1892, for the sum of $1600 and costs, in a certain action then pending in the circuit court wherein N. E. Garretson was plaintiff, and Eri Hansford, Celestia Hansford, Eva K. Pape and E. Pape were defendants, which judgment was immediately transcribed and certified to the clerk of the district court; and that the execution is void for the reason that it was issued by the clerk of the district court without lawful authority. The trial court sustained the demurrer of the defendant to plaintiff's petition and refused to grant the injunction. This proceeding is prosecuted to reverse that decision.

The plaintiffs in error contend that the only lawful authority the clerk of the district court ever had to issue executions in such cases he derived from chapter 83, Laws of 1891, which act was wholly repealed by chapter 104, Laws of 1895, without any saving clause in favor of judgments remaining of record or unpaid in the office of the clerk of the district court, and without any reservation maintaining or perpetuating the authority of the clerk of the district court in such cases to issue executions, and that from the date the repealing act took effect no lawful power or authority remained in the district court or its clerk to enforce or issue executions upon the judgments of the circuit court transcribed and certified to the district court.

The execution in question was issued by the clerk of the district court on a judgment rendered in the circuit court transcribed and certified to the district court. The authority for the issuance of process in such case is found in chapter 83, Laws of 1891:

"SEC. 17. No judgment or execution docket shall

be kept by the clerk of the circuit court until otherwise provided by law. Immediately upon final judgment being rendered in any cause determined in the circuit court, execution whereof shall not be duly stayed by order of such court, the clerk of the circuit court shall transcribe such final judgment and duly certify the same to the clerk of the district court of said county, who shall immediately note or enter such judgment upon the appearance docket and judgment docket of his court, as if such judgment had been rendered in the district court; and such judgment shall be a lien upon the property of the judgment debtor from the same time and in like manner and effect as if the same had been rendered in the district court, and all process for the enforcement of any such judgment shall be issued and returnable, and subsequent proceedings thereon had, in like manner and effect as if such judgment had been rendered in and by the district court.''

The act creating the circuit court was repealed by section 1, chapter 104, Laws of 1895, which reads :

''AN ACT to repeal chapter 83 of the Laws of 1891, and to abolish the circuit court of Shawnee county, and to provide for the transfer of pending cases in the said court to the district court of said county.

''SECTION 1. That chapter 83 of the Laws of 1891, being 'An act to create the circuit court of Shawnee county, and to define the powers and jurisdiction of such court, and for the transfer from the district court of certain actions, and relating to certain duties of the district court and circuit court, and the judges thereof, and for regulating the transaction of the business of such courts, and fixing the time for holding said circuit court,' be and the same is hereby repealed, and said circuit court is hereby abolished.

''SEC. 2. All cases pending in said circuit court at the date of the taking effect of this act shall be immediately transferred by the clerk of said court to the district court of said county, where the said cases shall be entered upon the docket of said district court

to be disposed of in the same manner as if said cases had been originally commenced in said district court.''

This act took effect April 12, 1895, and the execution was issued on the 10th day of September thereafter. The entire statute authorizing the existence of the circuit court was repealed by the act of 1895, except that there. were saved from the effects of the repealing act all cases pending in said circuit court at the date of the taking effect of the act, which cases should be immediately transferred by the clerk of said court to the district court of said county, where said cases should be entered on the docket of the district court, to be disposed of in the same manner as if said cases had been originally commenced in the district court. Section 17 authorized the clerk of the district court to issue executions in like manner as if the judgment had been rendered in the district court and created a lien with same effect. "All process for the enforcement of any such judgment shall be issued and returnable, and subsequent proceedings thereon had in like manner and effect as if such judgment had been rendered in and by the district court."

Thus in effect it became a judgment of the district court, which court, by virtue of the general law, had the power to issue executions and enforce payment as fully as if it had been rendered in that court. The right to an execution and the enforcement of the judgment accrued when the judgment was transcribed and certified to the district court, and was an existing right thereafter. "The repeal of a statute does not revive a statute previously repealed, nor does such repeal affect any right which accrued, any duty imposed, any penalty incurred, nor any proceedings commenced, under or by virtue of the statute repealed.'' (Gen Stat. 1897, ch. 1, § 8, Gen. Stat. 1889,

¶ 6687.)    The power of the district court to enforce
the judgment of the circuit court, transcribed and
certified, was expressly continued by this statute.
There is nothing in the repealing statute inconsistent
with this position.

The second section provides for the transfer of cases
pending in the circuit court to the district court, to be
disposed of in the same manner as if such case had
been originally commenced in the district court.   That
construction should be given a statute which will
carry into effect the true intent of the legislature,
when such intent is apparent.    If we deny the power
of the district court to issue the execution — to enforce
the judgment by process — we deny the judgment
creditor a right accrued.   We are also inclined to the
opinion that the case which was thereby transferred
to the district court for final disposition remained a
"case pending" within the meaning of the act.   An
action is pending from the filing of the petition and
issuance and service of summons until the judgment
is satisfied.

The demurrer was properly sustained.   The judg-
ment creditor possessed a right accrued for the en-
forcement of his judgment by the district court.